THOMAS V. GIRARDI, State Bar No. 36603
tgirardi@girardikeese.com
GRAHAM B. LIPPSMITH, State Bar No. 221984
glippsmith@girardikeese.com
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

Attorneys for PLAINTIFFS

FILED

2008 AUG 28 PM 2:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LARRY MONTZ and DAENA SMOLLER,<br><br>Plaintiffs,<br><br>v.<br><br>PILGRIM FILMS & TELEVISION, INC.; NBC UNIVERSAL, INC.; CRAIG PILIGIAN, JASON CONRAD HAWES, UNIVERSAL TELEVISION NETWORKS; and DOES 1 through 10,<br><br>Defendants. | CASE NO.: CV 06-7174 FMC (MANx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**1) COPYRIGHT INFRINGEMENT**<br><br>Discovery Cutoff: September 30, 2008<br>Trial Date: January 27, 2009 |

1

FIRST AMENDED COMPLAINT

## NATURE OF ACTION

1.     This action arises from the Defendants' misappropriation, unauthorized use and exploitation, of the Plaintiffs' protected work, ideas and concepts for an innovative television program entitled "Ghost Hunters", also known as "Ghost Expeditions", and also known as "Haunted" (referred to as the "Concept") and Defendants' unexcused breach of an implied contract that existed between Plaintiffs and Defendants.

2.     The treatment, video, and ancillary materials referred to herein were submitted and presented, from 1996 through 2001, to the Defendants NBC UNIVERSAL, INC., UNIVERSAL TELEVISION NETWORKS and the Sci Fi Channel (a cable channel operated by Defendant UNIVERSAL TELEVISION NETWORKS), PLIGRIM FILMS, INC., CRAIG PILIGIAN, JASON HAWES and various associated individuals.  Said treatment, video, and ancillary materials were submitted and presented with the understanding that the Defendants would not use the Plaintiffs' work, ideas and concepts without the Plaintiffs' permission, and without compensation to the Plaintiffs.

3.     The Defendants' (including those Defendants' named as Defendant Does) misappropriated the Plaintiffs' Concept, and fraudulently misrepresented it as owned and created by the Defendant PILGRIM FILMS, INC. and/or the Defendant CRAIG PILIGIAN.  In so doing, the Defendants have misappropriated Plaintiffs' copyright protected Concept and breached an implied contract that existed between Plaintiffs and Defendants, causing significant harm to the Plaintiffs.

## JURISDICTION AND VENUE

4.     This court has subject matter jurisdiction over the federal claims pursuant to the Copyright Act (17 U.S.C. § 101 et. seq.), 28 U.S.C. § 1331 and 1338.  This court has supplemental subject matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy as the federal claims.

2

5.     This Court has personal jurisdiction over the Defendants and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, in that the Defendants reside, and/or carry on business in this District, and the wrongful acts of the Defendants, in large part, originated in this District.

## THE PARTIES

6.     The Plaintiff DR. LARRY MONTZ is a Parapsychologist and Producer, he is a citizen of the United States, and is resident, and carries on business, in Los Angeles, California.

7.     The Plaintiff DAENA SMOLLER is a Publicist and Producer, she is a citizen of the United States, and is resident, and carries on business, in Los Angeles, California.

8.     Defendant NBC UNIVERSAL, INC. ("NBC UNIVERSAL") is a corporation existing pursuant to the laws of the State of California, and carries on business in Los Angeles, California.  Although NBC UNIVERSAL did not exist prior to May 2004, Plaintiffs are informed and believe that through a complex acquisition, NBC UNIVERSAL assumed the National Broadcasting Company's liabilities and obligations in addition to acquiring a great deal of National Broadcasting Company's former employees, including Curt Sharp, Jeffrey Zucker, Rick Ludwin, Joseph Levecchi, Matt Van Buren and Garth Ancier who are all discussed below.  When Plaintiffs refer herein to "NBC UNIVERSAL," Plaintiffs mean NBC UNIVERSAL formed in May 2004 and the liabilities, obligations and agents of National Broadcasting Company that it acquired in May 2004.

9.     Defendant UNIVERSAL TELEVISION NETWORKS ("UTN"), a general partnership existing pursuant to the laws of the State of California and conducting business in the County of Los Angeles, California.  UTN is owned and operated by Vivendi Universal Entertainment LLLP, USANi Holding Company LLC, USA Networks Partner LLC and Defendant NBC Universal, Inc.  Plaintiffs are informed and

3

1 | believe that at or following the May 2004 formation of NBC UNIVERSAL, Defendant
2 | UTN operated the Sci Fi Channel, a cable channel that exhibits a variety of television
3 | series and other programming, including Ghost Hunters.  To the extent any other prior
4 | entity owned and operated the Sci Fi Channel at any time mentioned herein, Plaintiffs
5 | are informed and believe that through the complex acquisition that ultimately resulted
6 | in the formation of NBC UNIVERSAL or subsequent agreements, UTN assumed all
7 | liabilities and obligations associated with the Sci Fi Channel in addition to acquiring a
8 | great deal of employees working on the Sci Fi Channel, including Ian Valentine, Robyn
9 | Lattacker-Johnson, Josh Greenberg, Tim Krubsack, Linda Hoffman, Andy
10 | Schwartzman, Bonnie Hammer, Steve LaRue and Steve Janus who are all discussed
11 | below.  When Plaintiffs refer herein to "UTN," Plaintiffs mean UTN formed at or
12 | following the May 2004 acquisition leading to the formation of NBC UNIVERSAL and
13 | the liabilities, obligations and agents of the employees working on the Sci Fi Channel
14 | that UTN acquired.  Plaintiffs first became aware of UTN's existence and role in these
15 | matters on May 19, 2008 in an email from Defendants' prior counsel to Plaintiffs'
16 | counsel.
17 |      10.    Defendant PILGRIM FILMS, INC. ("PILGRIM") is a corporation existing
18 | pursuant to the laws of the State of California, and carries on business in Los Angeles,
19 | California.
20 |      11.    The Plaintiffs are informed and believe that the Defendant CRAIG
21 | PILIGIAN ("PILIGIAN") is an individual residing and carrying on business in Los
22 | Angeles, California.
23 |      12.    The Plaintiffs are informed and believe that the Defendant JASON
24 | CONRAD HAWES ("HAWES") is an individual residing in Warwick, Rhode Island,
25 | doing business in Los Angeles, with a large part of his wrongful acts occurring in this
26 | District.
27 |      13.    When Plaintiffs refer herein to "Plaintiffs," Plaintiffs mean, collectively,
28 | Plaintiffs LARRY MONTZ and DAENA SMOLLER.

14.   When Plaintiffs refer herein to "Defendants," Plaintiffs mean, collectively, Defendants NBC UNIVERSAL, UTN, PILGRIM, PILIGIAN and HAWES.

15.   The Plaintiffs are ignorant of the true names and capacities of Defendants sued hereunder as DOES 1 through 10 inclusive, and therefore sues these Defendants by such fictitious names.   The Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the Plaintiffs' damages as herein alleged were proximately caused by their conduct.  The Plaintiffs will amend this complaint to allege the true names and capacities of the defendants DOES 1 through 10 when ascertained. These fictitiously named Defendants, and each of them are, and at all times mentioned were, acting in concert with the Defendants, and the parties DOES 1 through 10 inclusive are sued herein individually and joined as Defendants in this action.

16.   The Defendants at all times herein mentioned were agents and employees of one another as codefendants and in doing things hereinafter alleged were acting within the course and scope of such agency and the permission and consent of the codefendants. The allegations of this Complaint are stated on information and belief and are likely to have further evidentiary support after a reasonable opportunity for further investigation and/or discovery.

17.   At all material times hereto the Defendants, and each of them, was the alter ego of each other, or were in a principal and agency relationship, and as such were acting with the implied, or ostensible authority of each other. On that basis, the Plaintiffs' allege, that each of the Defendants is the alter ego of each other Defendant in that each Defendant is but an instrumentality or conduit of one or more of the other Defendant in the pursuit of a single business venture such that disregard of the separate nature of the Defendants' corporate organization, or other association, is necessary to prevent an injustice upon Plaintiffs.  In this regard, the Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants has common employees or agents, and at the time this matter arose, were operating from the same business

5

location, and using the financial resources of the other Defendants, and each of the Defendants tend to benefit jointly from transactions entered into by one or more of the other Defendants.

## ALLEGATIONS COMMON TO ALL COUNTS

18.   The Plaintiff Dr. Larry Montz conceived the Concept for television programming on or about 1981, the written format for the series had several variations.

19.   Treatments for the Concept were first registered with the Writers' Guild on January 27, 2000 under number 775124, and on April 14, 2006 under number 112985. On September 26, 2006, the United States Copyright Office registered Plaintiff's work entitled "Ghost Expeditions: Haunted" and issued it registration number PAu003069699.  Exhibit 1.

20.   The Concept included ideas and material relating to a new, innovative and exciting program.

21.   The proposed television programming based on the Concept included the following elements:

- a team of paranormal investigators lead by an expert paranormal investigator conducting field investigations;
- in addition to being professional paranormal investigators, team members were also normal people with regular jobs;
- the same team appeared on each episode;
- the team attended at different locations to conduct paranormal investigations on new paranormal field cases on each episode;
- each episode followed a group of real-life paranormal researchers as they investigate haunted houses throughout the country;
- the team encountered a variety of different types of haunting;

6

FIRST AMENDED COMPLAINT

- during the episodes, the investigators would discover whether there was activity and would debunk whatever activity is not legitimate when necessary;
- the team lead uses own intuition when necessary;
- where alternate investigators are invited to join main team, they would (or could) include Wiccan and/or demon experts;
- investigators use magnetometers ("emf meters"), temperature devices, recording devices, for thermal imaging, and infrared camera;
- there is a focus on the interaction between team members;
- there is a focus on helping individuals deal with paranormal activities;
- the investigators would begin with domestic investigations and expand internationally;
- there would be interviews with those who are associated with properties/areas to be investigated;
- all investigations (pre, during and post) are to be in real-time order;
- investigations of private homes, famous and non-famous properties;
- no host;
- 1-hour long program;

22.   From about 1996 through 2001, the Plaintiffs, and/or their agents, managers, legal counsel, and/or representatives, on the Plaintiffs' behalf, presented the Concept to Defendants, their agents, employees.  Said agents and employees of Defendants were acting within the course and scope of such agency and employment, and with the permission and consent of the Defendants, and all of them.

23.   The Plaintiffs presented the Concept to the Defendants, their agents and employees, with the expectation of being compensated should one or more Defendants

7

FIRST AMENDED COMPLAINT

1  become interested in producing and produce television programming based on the
2  Plaintiffs' Concept.
3      24.    From about 1996 through 2001, the Plaintiffs, their agents, managers, legal
4  counsel, and/or representatives, presented the Concept to the following agents and
5  employees of the Defendants:

6      • Curt Sharp, NBC UNIVERSAL
7      • Jeff Zucker, NBC UNIVERSAL
8      • Rick Ludwin, NBC UNIVERSAL
9      • Joseph Levecchi, NBC UNIVERSAL
10     • Matt Van Buren, NBC UNIVERSAL
11     • Garth Ancier, NBC UNIVERSAL
12     • Ed Wilson, NBC UNIVERSAL
13     • Ian Valentine, Sci Fi Channel/UTN
14     • Robyn Lattacker-Johnson, Sci Fi Channel/UTN
15     • Josh Greenberg, Sci Fi Channel/UTN
16     • Tim Krubsack, Sci Fi Channel/UTN
17     • Linda Hoffman, Sci Fi Channel/UTN
18     • Andy Schwartzman, Sci Fi Channel/UTN
19     • Bonnie Hammer, Sci Fi Channel/UTN
20     • Steve LaRue, Sci Fi Channel/UTN
21     • Steve Janus, Sci Fi Channel/UTN
22     • Cari Esta Albert, USA Network
23     • Kathy Hornbuckle, Studios USA
24     • Steven Tann, Columbia Tri-Star
25     • Star Price, Kathleen Burns, Ghen Maynard, Clark Bunting, Mark
26       Itkin, Steve Hellberg, Tobe Hooper, Vin Di Bona, Jay Bluemke (all
27       of whom had relationships with the Defendants PILGRIM and/or
28       PILIGIAN, during the relevant periods of time).

8

FIRST AMENDED COMPLAINT

25.   The Plaintiffs presented the Concept to the parties indicated in the above paragraph consistent with well-established customs and practices of the entertainment industry and on the condition that the ideas and concepts would not be disclosed or exploited without the Plaintiffs' consent and the Plaintiffs' receipt of appropriate compensation and credit.

26.   Prior to Plaintiffs' presentation of the Concept to Defendants NBC UNIVERSAL and UTN, neither the Defendant PILGRIM, nor the Defendant PILIGIAN, nor any of the other Defendants or their agents or employees, had engaged in the type of programming that was proposed by the Plaintiffs in the Concept.

27.   From about 1996 through 2001, the Defendants NBC UNIVERSAL and UTN, their agents and employees requested detailed information regarding the Concept from Plaintiffs, including video tapes of material produced by the Plaintiffs for the Concept and written materials produced by the Plaintiffs for the Concept.

28.   From about 1996 through 2001, Plaintiffs, and/or their agents, managers, legal counsel, and/or representatives, on the Plaintiffs' behalf, complied with Defendants NBC UNIVERSAL and UTN's requests for additional information and provided Defendants NBC UNIVERSAL and UTN with video tapes and written materials produced by the Plaintiffs for the Concept, and also held many meetings and discussions with Defendants NBC UNIVERSAL and UTN's agents and employees whereby detailed information regarding the Concept was provided to Defendants NBC UNIVERSAL and UTN.

29.   Ultimately, Defendants NBC UNIVERSAL and UTN represented to the Plaintiffs that they were not interested in the Concept, or programming based on the Concept.

30.   However, Defendants NBC UNIVERSAL and UTN's representations to Plaintiffs were false.  The Defendants NBC UNIVERSAL and UTN misappropriated the Concept that the Plaintiffs disclosed to the Defendants.

9

FIRST AMENDED COMPLAINT

31.   The Defendants NBC UNIVERSAL and UTN repackaged the Plaintiff's ideas and concepts as their own, and televised programs based on the Plaintiffs' ideas and concepts as the "Ghost Hunters" and "Ghost Hunters International" television series.

32.   Defendants have made huge sums of money from productions of the "Ghost Hunters" and "Ghost Hunters International" series, and have otherwise obtained substantial benefit by misappropriating the Plaintiffs' labor, ideas and concepts, and depriving the Plaintiffs of any money or credit for their intellectual property and their efforts.

33.   By this action the Plaintiffs seek redress for the Defendants' wrongful exploitation of the Plaintiffs' Concept.

## FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT (DIRECT, CONTRIBUTORY & VICARIOUS)

### Against All Defendants

34.   The Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

35.   The Plaintiffs are, and at all relevant times have been, the copyright owners of the exclusive rights under United States copyright laws with respect to certain written works, including but not limited to television screenplay treatments and ancillary pre-production materials including video material; entitled "Ghost Hunters" also known as "Haunted" also known as "Ghost Expeditions" (referred to as "the Work").

36.   The Work has been issued a Certificates of Registration by the Writer's Guild of America.  On September 26, 2006, the United States Copyright Office registered Plaintiff's work entitled "Ghost Expeditions: Haunted" and issued it registration number PAu003069699.  Exhibit 1.

37.   The Plaintiffs have reserved all rights in their Work under United States copyright laws.

38.     The Defendants, collectively and/or individually, are engaging, and have engaged, in the unauthorized use and violation of the Plaintiffs' exclusive rights in the Works including unauthorized first publication, production, sale, exploitation, and distribution, of the television programs entitled "Ghost Hunters" and "Ghost Hunters International", and the unauthorized distribution, publication, reproduction, and preparation of other products derived from the Plaintiffs' copyright protected Work.

39.     In part, the Defendants' unauthorized use of the Plaintiffs' Work includes the production of the television program entitled under the "Ghost Hunters" and "Ghost Hunters International", and the distribution, and dissemination of portions of the Plaintiffs' Work through advertising, media sales, and ancillary merchandising and marketing as well as dissemination of the Plaintiffs' Work through the Internet including the "SCI FI.COM" website.

40.     The Plaintiffs are informed and believe that the Defendants collectively, and/or individually, without permission, or consent of the Plaintiffs, have used, and continue to use the Work to produce and advertise the productions "Ghost Hunters" and "Ghost Hunters International". In doing so, the Defendants have violated the Plaintiffs' exclusive copyrights including reproduction, first publication, and distribution.  The Defendants' actions, together, and/or individually, constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

41.     The Plaintiffs are informed and believe that the Defendants, collectively, or each of them, have unlawfully reproduced the Works and/or created derivative works based on the Works without the permission of the Plaintiffs, and unlawfully distributed, and published the Works, in violation of the Plaintiffs' copyright ownership rights.

42.     The foregoing acts of infringement have been willful and intentional, in disregard of and indifference to the rights of the Plaintiffs.

43.     As a result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted works.

11

1  Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 7 U.S.C. §
2  505.

3      44.    The Defendants' conduct also constitutes contributory and vicarious
4  copyright infringement of the Plaintiffs' copyrights.

5      45.    The Defendants have engaged in, and continue to engage in the business of
6  knowingly and systematically inducing, causing, and/or materially contributing to the
7  violation of the Plaintiffs' exclusive copyrights.  The acts of infringement by the
8  Defendants have been willful, intentional, and purposeful, in reckless disregard of, and
9  indifference to the rights of the Plaintiffs.

10      46.    Defendants have had, and continues to have, the right and ability to
11  supervise and/or control the infringing conduct of the Defendants PILGRAM,
12  PILIGIAN, and HAWES, but have failed and refused to exercise such supervision
13  and/or control.  As a direct and proximate result of such failure and refusal, the
14  Defendants and their advertisers, agents, assigns, and contracting parties, including
15  Defendants PILGRIM, PILIGIAN, and HAWES, have infringed the Plaintiffs'
16  copyright in the Works, and the Defendants, and all of them, have derived a direct
17  financial benefit from the infringements.

18      47.    The acts of infringement by the Defendants have been willful, intentional,
19  and purposeful, in reckless disregard of, and with indifference to, the rights of the
20  Plaintiffs.

21      48.    The Defendants' conduct is causing, and unless enjoined and restrained by
22  this Court, will continue to cause, the Plaintiffs certain great and irreparable injury that
23  may not be able to be fully be compensated in money; and for those damages, the
24  Plaintiffs may have no adequate remedy at law.  In connection with conduct of the
25  Defendants causing specific damages to the Plaintiffs for which there is no adequate
26  remedy at law, the Plaintiffs are entitled to injunctive relief prohibiting further
27  infringements of the Plaintiffs' rights pursuant to 17 U.S.C. § 502.

28

FIRST AMENDED COMPLAINT

49.     As a direct and proximate result of the infringement by the Defendants of the Plaintiffs exclusive rights, the Plaintiffs are entitled to actual damages, and Defendants' profits pursuant to 17 U.S.C. § 504(b).

50.     Alternatively, the Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

51.     The Plaintiffs are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     That the Defendants, and each of them, and their officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be enjoined from:

- unauthorized uses, including: copying, reproducing, distributing, or publicly displaying the Plaintiffs' copyrighted works;

- unauthorized uses, including: copying, reproducing, distributing, or publicly displaying any and all television series, including the "Ghost Hunters" and "Ghost Hunters International", that are based on the concepts and ideas contained in the Plaintiffs' Concept; and

- inducing, causing, materially contributing to, and profiting from the foregoing acts committed by others;

2.     That the Defendants be ordered to destroy all materials of every nature and kind, in their possession, custody or control that infringe the copyrights of the Plaintiffs;

13

3. For restitution in the amount of the benefit to the Defendants by reason of their unlawful conduct;

4. For actual damages sustained by the Plaintiffs;

5. For all of Defendants' profits plus all of Plaintiff's losses, the exact sum to be proven at trial or, if elected before final judgment, statutory damages available under the Copyright Act to be proven at trial;

6. For an accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by the Defendants as a result of their unlawful conduct;

7. For general damages;

8. For special damages;

9. For punitive damages;

10. For attorneys' fees;

11. For Plaintiffs' full costs;

12. For prejudgment interest; and

13. For such other and further relief as the Court may deem just and proper.

Dated:        August 25, 2008                    GIRARDI | KEESE

                                                 By:   /s/Graham B. LippSmith            .
                                                       GRAHAM B. LIPPSMITH
                                                       Attorneys for Plaintiffs

14

FIRST AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Dated:        August 25, 2008                    GIRARDI | KEESE

                                        By:    /s/Graham B. LippSmith          .
                                               GRAHAM B. LIPPSMITH
                                               Attorneys for Plaintiffs

EXHIBIT 1

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form PA**

PAu3–069–695

EFFECTIVE DATE OF REGISTRATION

9 26 06

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼

GHOST EXPEDITIONS

PREVIOUS OR ALTERNATIVE TITLES ▼

HAUNTED

NATURE OF THIS WORK ▼ See Instructions

TV Series Treatment

**2** NAME OF AUTHOR ▼

a) Daena Smoller

DATES OF BIRTH AND DEATH

NATURE OF AUTHORSHIP   TV Series Treatment

**NOTE**

b) Larry Montz

DATES OF BIRTH AND DEATH
Year Born 1951

NATURE OF AUTHORSHIP   Reality TV Series Treatment

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH

NATURE OF AUTHORSHIP

**3** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED   1991

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK

**4** COPYRIGHT CLAIMANT(S)

Daena Smoller / Larry Montz
4712-54 Murrieta Way
Murrieta, CA 92562

APPLICATION RECEIVED   SEP 26 2006
ONE DEPOSIT RECEIVED   SEP 26 2006
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

EXHIBIT
40



**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5**

**PREVIOUS REGISTRATION**

**6**

**DERIVATIVE WORK OR COMPILATION**

**7**

**DEPOSIT ACCOUNT**

**CORRESPONDENCE**

Debra Sholler / Larry Hartz
4712 S. El Purkirathy Way
Hacienda Heights, CA 90252
818 641-8866

**8**

**CERTIFICATION**

Debra Sholler                                         3 14 2004

**9**

Debra Sholler
4712 S. El Purkirathy Way
Hacienda Heights, CA 90252

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1126 Wilshire Boulevard, Los Angeles, California 90017-1904.

On August 27, 2008, I served the foregoing document described as, **FIRST AMENDED COMPLAINT FOR DAMAGES FOR: 1) COPYRIGHT INFRINGMENT** , on all interested parties in this action as set forth on the attached service list in the following manner:

## SEE ATTACHED SERVICE LIST

☑      **BY MAIL:** I am familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐      **BY FACSIMILE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

☐      **BY OVERNIGHT MAIL:** I caused said document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐      **BY PERSONAL SERVICE:** By causing personal delivery of the document listed above to the person at the address set forth on the attached service list.

☐      **BY ELECTRONIC SERVICE:** I caused the above document to be sent to the listed addressee(s) in the attached service list via email.

☐      STATE      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☑      FEDERAL      I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

Executed on August 27, 2008 at Los Angeles, California.

_____
Maria Mendoza

-1-

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SERVICE LIST
### Dr. Larry Montz v. Pilgrim Films
### Case No. CV 06-7174 FMC (MANx)

Gail Title, Esq.
Joel Weiner, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East
Suite 2600
Los Angeles, California 90067-3012
Tel:  (310) 788-4400
Fax   (310) 788-4471

-2-

PROOF OF SERVICE